IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HOWARD KANITZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 06-1803-HO |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| CHARLES A DANIELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

   Petitioner brings this petition for relief pursuant to 28 U.S.C. § 2241 asserting that his custody status violates due process, constitutes cruel and unusual punishment, and violates equal protection.  Specifically, petitioner contends that the Bureau of Prisons (BOP) is violating his rights to due process and to be free from cruel and unusual punishment by failing to credit his sentence for time he spent in detention prior to his sentence. In addition, petitioner contends that the BOP is violating his right to equal protection in its assessment of good time credit.

Petitioner is currently serving a 30-month sentence following his conviction in the Eastern District of Washington for conspiracy to distribute cocaine. The court sentenced Petitioner on March 23, 2006. The BOP projects petitioner's release date to be September 6, 2007. Petitioner argues his release date should have been March 31, 2007.

A.    Credit for Pretrial Detention

Petitioner was arrested on February 14, 2005, and placed in Spokane County Jail. On November 30, 2005, petitioner signed conditions of pretrial release and remained under the supervision of the staff at Turner House. At the time of his sentence on March 23, 2006, petitioner was still on pretrial release. Petitioner surrendered for his sentence on April 18, 2006. The BOP gave petitioner credit toward his sentence from the date of his arrest on February 14, 2005, until the date of release to pretrial services on November 30, 2005. Petitioner contends that he is also entitled to credit for the period of December 1, 2005, until his sentence on March 23, 2005.

> A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in
> official detention prior to the date the sentence
> commences--
>     (1) as a result of the offense for
>     which the sentence was imposed.

18 U.S.C. § 3585(b).

2 - ORDER

The BOP has interpreted section 3585(b)'s "official detention" language to require credit for time spent by a defendant under a section 3142(e) "detention order," but not for time spent under a section 3142(c) "release order," no matter how restrictive the conditions. The Supreme Court has determined

> It may seem unwise policy to treat defendants differently for purposes of sentence credit under § 3585(b) when they are similarly situated in fact-the one is confined to a community treatment center after having been "detained" and committed to the Bureau's custody, while the other is "released" to such a center on bail. But the alternative construction adopted by the Court of Appeals in this case has its own grave difficulties. To determine in each case whether a defendant "released" on bail was subjected to "jail-type confinement" would require a fact-intensive inquiry into the circumstances of confinement, an inquiry based on information in the hands of private entities not available to the Bureau as a matter of right. Even were such information more readily available, it seems certain that the phrase "jail-type confinement" would remain sufficiently vague and amorphous so that much the same kind of disparity in treatment for similarly situated defendants would arise. The Government's construction of § 3585(b), on the other hand, provides both it and the defendant with clear notice of the consequences of a § 3142 "release" or "detention" order.

Reno v. Koray, 515 U.S. 50, 64 (1995). Accordingly, the Court held that section 3585 does not require the BOP to credit presentenced defendants whose bail conditions allowed them to be confined outside of Bureau of Prisons facilities. Id. at 65.

In his reply, petitioner apparently concedes that his time at Turner House from November 30, 2005, until March 22, 2006, may not be credited toward his sentence, but asserts

> the remaining question is whether Kanitz's release condition terminated at the sentencing hearing on March 23, 2006, subject to the discretion of the Attorney

3 - ORDER

>   General and U.S. Marshall with respect to the place of detention.  If the answer is affirmative, then, why Respondent has April 17, 2006, as the release termination date?
>
>   The Judgement and Probation/Commitment Order from the sentencing Court shows that Kanitz was sentenced on March 23, 2006.  It also shows on page 2 that Kanitz was committed to the custody of the BOP to be imprisoned for a total term of 30 months.  It also reflects that Kanitz "was remanded" to the custody of the U.S. Marshal.
>
>   Accordingly, Kanitz was on pretrial release from November 30, 2005 to March 22, 2006; and 26 days in official custody from March 23, 2006 to April 17, 2006, both at Turner House.  Therefore, Respondent is required to recognize the 26 days of jail credit that Kanitz is entitled to have.

Kanitz's Reply to Respondent's Answer (#13) at pp. 2-3.

However, Petitioner continued on pretrial release until his surrender date on April 18, 2006.  <u>See</u> Exhibit 2 (attached to Declaration of William Cooley (#12)) at p. 2 (on Bond from 11/30/2005 until 4/18/2006).  Accordingly, petitioner is not entitled to custody credits for the period of November 30, 2005, to April 18, 2006.  Therefore, the BOP is not violating his due process rights or subjecting him to cruel and unusual punishment.  Petitioner's first claim for relief is denied.

B.   Good Time Credit

As of February 7, 2007, the BOP projected that petitioner is eligible for 117 days of good time credit.[1]  Petitioner contends

---

   [1]Petitioner concludes he should be entitled to 135 days apparently seeking credit for his full sentence rather than his actual
(continued...)

4 - ORDER

that the BOP is requiring some inmates to serve a full year while others are required to serve less than a full year to obtain good time credit. Petitioner contends that "in order to receive good time credit, an inmate sentenced to "1 year and a 1 day" does not have to serve a full year," but he is required to serve a full year.

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

> Pursuant to the implementing regulations,
>
> For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award

---

[1](...continued)
time served.

5 - ORDER

>    (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
>
>    (2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20(c). The amount of credit is subject to disciplinary disallowance. 28 C.F.R. § 523.20(e).

The BOP has established a sentence computation policy under which after each year of service, an inmate's projected release date is advanced by the number of days of good time credit received for that year. See Program Statement 5880.28 of the Sentence Computation Manual (attached to Cooley declaration (#12)). The BOP asserts this method is used for all inmates whose offenses occurred during the applicable time period.

Petitioner's argument focuses on the term "more than 1 year" used in the statute. However, this term is the basis for determining which inmates are eligible to receive good time credits and is not a direction to use the sentence as the basis for calculating a sentence. As the Ninth Circuit has found

>    the plain language of section 3624(b) certainly does not compel Pacheco's conclusion that the "term of imprisonment" must refer to a sentence imposed in the judgment, as opposed to the time actually served. If anything, this reading is inconsistent with the statute,

6 - ORDER

>which provides that "credit for the last year ... of the term of imprisonment shall be prorated ...." 18 U.S.C. § 3624(b)(1) (emphasis added). Instead of a prorated portion, Pacheco wants the entire fifty-four days of credit-even though he never served the full 365 days. Whereas the model prisoner will ordinarily receive his fifty-four-day credit after complying with prison disciplinary rules for 365 days, under Pacheco's reading, a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior over only eighty-five percent of the year. Pacheco's interpretation would therefore confer upon the prisoner a bonus during his last year of imprisonment. Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year.

Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268-69 (9th Cir. 2001).

Petitioner's argument that there are defendants within his class (those sentenced to one year and one day) that come within the statute because of a sentence, but do not actually serve a full year, does not demonstrate an equal protection problem. Petitioner does not demonstrate that he is being denied any credits that other inmates within the same class do receive. The Ninth Circuit has determined that the BOP's interpretation of the statute

>establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits merely because their sentence happens to equal a year and a day.

Id. at 1270-71. Accordingly, plaintiff's second ground for relief fails.

7 - ORDER

CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this proceeding is dismissed.

DATED this   16th   day of May, 2007.

                                          s/ Michael R. Hogan
                                        United States District Judge